# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAWRENCE J. PEET,** | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:10-CV-482 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **JEFFREY A. BEARD, Ph.D,** | : | (Magistrate Judge Carlson) |
| Secretary of the Pennsylvania | : | |
| Department of Corrections, et al., | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

Now pending before the Court is Plaintiff's motion for leave to file an amended complaint in this action, in order to name Marcy Boyer, a nurse employed by the Pennsylvania Department of Corrections, as an additional defendant. Plaintiff filed this motion for leave approximately one and one-half years after commencing this litigation, which was initially brought against 44 named defendants; despite Defendants having provided Plaintiff with notice about Ms. Boyer's identity in March 2010, shortly after this action was commenced. Although the statute of limitations has now run on Plaintiff's proposed claims against Ms. Boyer, Plaintiff contends that the proposed claims against Ms. Boyer relate back to the original claims in this case, and he should, therefore, be given leave to amend pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.

In support of his argument, Plaintiff alleges that Ms. Boyer had "imputed notice" of this action, because other employees of the Department of Corrections had been given notice of the original complaint.  Additionally, Plaintiff asserts that because Defendants' attorney of record would represent Ms. Boyer if she is named as a defendant, Ms. Boyer should be deemed to have received notice of this lawsuit, and of the likelihood that she would be named as a defendant, through counsel.  For these reasons, Plaintiff contends that Ms. Boyer would not be prejudiced if she is required to defend herself from Plaintiff's allegations, even at this late date, and urges the Court to grant the motion.  In addition, Plaintiff argues that Ms. Boyer should have known that she would have been named as a defendant but for Plaintiff's mistake about her identity, and that this provides an additional basis to permit a relation-back amendment of the complaint.

Defendants have opposed Plaintiff's motion, arguing that it is untimely, and that it fails to satisfy the requirements set forth in Rule 15(c) governing relation- back of amendments.  Defendants emphasize that Plaintiff has produced no evidence to suggest that Ms. Boyer had actual and timely notice of this litigation, and no evidence that Defendants' counsel of record ever communicated with Ms. Boyer about this action before August 2011.  Defendants also argue that Plaintiff cannot show that there is an identity of interests between Ms. Boyer and the named defendants such that

she would be deemed to have received imputed notice of the lawsuit. Similarly, Defendants assert that there is no evidence to show that Ms. Boyer knew or should have known, absent a mistake about the identity of the proper party, that this action would have been brought against her. Accordingly, Defendants argue that Plaintiff has failed entirely to show that a relation-back amendment should be permitted in this case.

Upon consideration of the parties' respective positions, we find that Plaintiff's motion must be denied.

## II.   **FACTUAL BACKGROUND**[1]

On March 16, 2008, Lawrence J. Peet, an inmate incarcerated at the State Correctional Institution at Camp Hill (SCI-Camp Hill), suffered a grand mal seizure while in his cell, and became unconscious. After he lost consciousness, Peet fell against a hot radiator in the cell, and his face remained in direct contact with the radiator for approximately 30 minutes before prison officials discovered his injuries and came to his aid. As a result of Peet's face remaining in contact with the hot radiator for this extended period of time, Peet sustained third-degree burns to his face,

---

[1] For purposes of this opinion, we have taken the general background information from that set forth in Plaintiff's complaint. (Doc. 1)

hands and forearms; he is now permanently blind in his right eye; and his face is grossly disfigured.

Only three hours before Peet suffered the grand mal seizure in his cell, he had been taken to the medical ward at SCI-Camp Hill because he was suffering from seizure-like symptoms. Medical officials with Prison Health Services ("PHS"), which was contracted with the Commonwealth to provide medical services within SCI-Camp Hill, released Peet from the medical ward, and he was returned to his cell, where he was allegedly left unsupervised, and where he thereafter sustained the severe and permanent injuries summarized above.

Peet subsequently brought suit against prison and medical officials, including PHS and members of its staff working at SCI-Camp Hill, on December 3, 2009. Thereafter, Plaintiff voluntarily withdrew his complaint without prejudice, and re-filed under the instant caption on March 3, 2010. (Doc. 1)  In this civil action that was subsequently commenced, Peet sued approximately 50 defendants, primarily guards and officials employed by the Department of Corrections ("DOC") at SCI-Camp Hill and SCI-Graterford.  In addition, some of the defendants include medical providers and staff from PHS, who do not work directly for the DOC but who are contracted to provide medical care for inmates at the prisons.  As grounds for relief, Plaintiff has alleged violations of his constitutional rights and medical malpractice.  Plaintiff also

included three "John Does" and three "Jane Does" as defendants in this case. To date, no counsel has entered an appearance on behalf of the "Doe" defendants.

## III.  DISCUSSION

Plaintiff has alleged that on March 16, 2008, he sustained the injuries that form the basis for this complaint. There is no dispute that the statute of limitations applicable to all of Plaintiff's claims is two years. Plaintiff commenced this lawsuit on March 3, 2010, less than two weeks before the two-year limitations period would have expired. In the complaint, Plaintiff named 44 defendants. Marcy Boyer, a nurse employed by the DOC who Plaintiff now alleges was involved in providing him medical care at SCI-Camp Hill, was not among those named as defendants in the original complaint.

Plaintiff filed the motion now pending before the Court on September 16, 2011, seeking leave to add Ms. Boyer as a defendant. Although Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), because Plaintiff's proposed amendment to add claims against Ms. Boyer would be filed approximately one and one-half years after the statute of limitations on his proposed claims against Ms. Boyer would have expired, he must seek leave of Court to amend his complaint pursuant to Rule 15(c), which permits a plaintiff, in limited instances, to amend a complaint "as if it had been

filed at the time of the original complaint." Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 189 (3d Cir. 2001).

Pursuant to its terms, Rule 15(c)(1) applies in three situations:

(1) **When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:

   (A) the law provides the applicable statute of limitations allows relation back;

   (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

   (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

      (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

      (ii) knew or should have known that the action against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The United States Court of Appeals for the Third Circuit has explained the application of the rule as follows:

> The Rule is written in the conjunctive, and courts interpret [15(c)(1)(C)] as imposing three conditions, all of which must be met for a successful relation back of an amended complaint that seeks to substitute newly named defendants.

> The parties do no dispute that the first condition – that the claim against the newly named defendants must have arisen "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading – is met. The second and third conditions are set out in [15(c)(1)(C)(I) and (ii)], respectively, and must be met "within the period provided by Rule 4(m) for service of the summons and complaint," Fed. R. Civ. P. [15(c)(1)(C)], which is "120 days after the filing of the complaint," Fed. R. Civ. P. 4(m). The second condition is that the newly named party must have "received such notice of the institution of the action [within the 120 day period] that the party will not be prejudiced in maintaining a defense on the merits." Fed. R. Civ. P. [15(c)(1)(C)(I)]. Urrutia [v. Harrisburg County Police Dept., 91 F.3d 451, 458 (3d Cir. 1996)] states that this condition "has two requirements, notice and the absence of prejudice, each of which must be satisfied." 91 F.3d at 458. The third condition is that the newly named party must have known, or should have known, (again, within the 120 day period) that "but for a mistake" made by the plaintiff concerning the newly named party's identity, "the action would have been brought against" the newly named party in the first place. Fed. R. Civ. P. [15(c)(1)(C)(ii)].

Singletary, 266 F.3d at 194 (some citations omitted). In accordance with the foregoing,

> we are concerned with three issues: (1) did [Boyer] receive notice of the institution of the action before [June 30, 2010] (which is 120 days after the complaint was filed); (2) was the notice that [Boyer] received sufficient that [s]he was not prejudiced in maintaining [her] defense; and (3) did [Boyer] know (or should [s]he have known) by [June 30, 2010] that but for a mistake    [Plaintiff] would have named [her] as a party in the

7

> original complaint? As explained above, the answers to all these questions must be "yes" for [Plaintiff] to prevail on her Rule [15(c)(1)(C)] argument.

Id. Application of this test to the case before the Court compels the conclusion that Plaintiff has not demonstrated that Rule 15(c) permits a relation-back amendment of the complaint to add Ms. Boyer as a defendant.

Plaintiff maintains that when he commenced this action, he did not have access to the identification of each individual who "medically evaluated" him on March 16, 2008. (Doc. 43-2, at 7) For that reason, Plaintiff included three "John Does" and three "Jane Does" as placeholder defendants. Plaintiff claims that it was not until the parties had engaged in discovery, but after the statute of limitations had run, that he became aware that Ms. Boyer was among the medical personnel who saw Plaintiff shortly before he suffered the grand mal seizure on March 16, 2008. Nevertheless, Plaintiff argues that Ms. Boyer received "imputed notice" of the action under two separate theories, and that amendment should further be permitted because within the 120-day period following the commencement of this action, Ms. Boyer should have known that but for a mistake concerning her identity, she would have been named as

a defendant in this action. As discussed below, we do not find any of Plaintiff's assertions persuasive.

### A.   Identity of Interest

Plaintiff first argues that Ms. Boyer should be deemed to have received imputed notice through the "identity of interest" method because Plaintiff had already named as defendants Drs. Underwood, Beaven, and Miller, as well as other DOC employees who had received notice of the original complaint. (Doc. 43-2, at 8) Plaintiff contends that these parties "are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of litigation to the other." (Id.) Defendants dispute Plaintiff's assertion, noting that there are several hundred DOC employees at SCI-Camp Hill, and that inmate litigation against DOC staff is common. Accordingly, Defendants maintain that Plaintiff has failed to show such an identity of interest shared by Ms. Boyer and the nearly 50 other defendants named in the complaint to permit amendment of the complaint pursuant to Rule 15(c) to name her as a defendant.

Upon consideration, we agree with Defendants. In Singletary, the Third Circuit accepted the "identity of interest" method for imputing notice for purposes of Rule 15(c). 266 F.3d at 198. In that case, the appeals court considered whether a staff psychologist employed by the Department of Corrections who worked at SCI-

9

Rockview could be deemed to have a sufficiently identical interest with the prison so that notice given to SCI-Rockview could be imputed to the psychologist. The court concluded that the staff psychologist had no administrative or supervisory duties at the prison, and thus his employment alone could not serve as a sufficient basis to find an identity of interest, "because [he] was clearly not highly enough placed in the prison hierarchy for us to conclude that his interests as an employee are identical to the prison's interests." Id. at 199. The court found that "absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule [15(c)(1)(C)] purposes." Id. at 200.

  We find that the circumstances of Ms. Boyer's employment compel a similar result. Although Plaintiff has suggested that this case is different from Singletary, because Plaintiff has named other prison medical providers as defendants, we find that Plaintiff has failed to provide a sufficient basis to conclude that Ms. Boyer's interests as a nurse at the prison are so closely aligned with those of Drs. Underwood, Beaven, and Miller, or other correctional staff, to permit the inference that Ms. Boyer has received imputed notice of this action. In addition, we do not find "other

circumstances that permit the inference that notice was actually received" by Ms. Boyer about this lawsuit to permit amendment at this late date.

### B. Shared Attorney

Even less persuasive is Plaintiff's contention that the Court should find imputed notice on the basis that Ms. Boyer and the other DOC defendants are represented by the same attorney.

"The 'shared attorney' method of imputing Rule [15(c)(1)(C)] notice is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." Singletary, 266 F.3d at 196.  The "fundamental issue" is whether the attorney's "later relationship with the newly named defendant gives rise to the inference that the attorney, within the 120 day period, had some communication or relationship with, and thus gave notice of the action to, the newly named defendant." Id.

In this case, there is simply no evidence that Defendants' counsel communicated to Ms. Boyer within the 120-day notice period about the action.  In fact, Defendants' counsel has represented to the Court that he would swear under oath that no such communication occurred before August 18, 2011, after counsel learned that Plaintiff's counsel would seek leave to join Ms. Boyer as a defendant, and months

11

after the 120-day notice period had passed.  In addition, the Third Circuit has instructed that "a plaintiff must show that there was 'some communication or relationship' between the shared attorney and the John Doe defendant prior to the expiration of the 120-day period in order to avail him or herself of the shared attorney method of imputing notice." Garvin v. City of Philadelphia, 354 F.3d 215, 225 (3d Cir. 2003).  In this case, Plaintiff has come forward with no evidence that would demonstrate any such "communication or relationship."  Finding no evidence that these requirements have been satisfied, we must conclude that the "shared attorney" method of providing imputed notice has no application to this particular case.[2]

---

[2] Moreover, we note that Defendants' counsel has not entered an appearance on behalf of Ms. Boyer, and is not presently representing her in this litigation. Under the "shared attorney" method of establishing imputed notice, the test "is not whether new defendants will be represented by the same attorney, but rather whether the new defendants are being represented by the same attorney." Garvin, 354 F.3d at 223.  Accordingly, the fact that counsel is not presently representing Ms. Boyer is yet another reason why Plaintiff's argument regarding the "shared attorney" method of demonstrating imputed notice is unpersuasive.  We recognize that a lawyer need not enter an appearance on behalf of an individual in order to represent that individual, Garvin, 354 F.3d at 224, but in this case Plaintiff has not come forward with any evidence that Defendants' counsel represented Ms. Boyer in any legal capacity during the 120-day notice period, or afterward.

### C.   Mistake

In addition, Plaintiff has argued that leave to amend should be granted pursuant to Rule 15(c)(1)(C)(ii) on the grounds that Ms. Boyer knew or should have known that, but for a mistake concerning her identity, the action would have been brought against her.  Plaintiff represents that it was not until November 12, 2010, during the deposition of another DOC employee, that Ms. Boyer was identified as a nurse who saw Plaintiff on the day he suffered the injuries alleged in this action.  Plaintiff again notes that he named three "John Does" and "Jane Does" because he was unaware of all of the identities of all the proper defendants, and that his ignorance about their identities should constitute a mistake that permits a relation-back amendment pursuant to Rule 15(c).[3]

The Third Circuit has observed that the relevant factors that go into an analysis of Rule 15(c)(1)(C)(ii) sometimes present "sticky issues", since it can be difficult to determine whether a putative defendant knew or should have known that she would have been named in a complaint if her identity had been known. Singletary, 266 F.3d at 201.  In contrast to most other courts of appeal, the Third Circuit holds that

---

[3] In Singletary, the Third Circuit adhered to circuit precedent that where a defendant's proper identity was unknown at the time the action commenced, "a plaintiff's lack of knowledge of a particular defendant's identity can be a mistake under Rule [15(c)(1)(C)(ii)]." Singletary, 266 F.3d at 200 (citing Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175 (3d Cir. 1977).

ignorance about a proper party's identity can constitute a "mistake" under the rule, and thus permits relation-back amendments where a plaintiff has named a "John Doe" or "Jane Doe" defendant, simply because the plaintiff did not know the party's identity.  See id.; Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175 (3d Cir. 1977); see also Trant v. Towamencin Twp., 1999 U.S. Dist. LEXIS 7302, 1999 WL 317032, at *5-6 (E.D. Pa. 1999); Trautman v. Lagalski, 28 F. Supp. 2d 327, 330 (W.D. Pa. 1998); Cruz v. City of Camden, 898 F. Supp. 1100, 1110 n.9 (D.N.J. 1995).

Upon consideration, although this presents a somewhat close issue, we do not find that Plaintiff has demonstrated that Ms. Boyer should have known that, but for a mistake about her identity, she would have been named as a defendant.  As an initial matter, Plaintiff named nearly 50 defendants in this case, including many corrections officials and staff, and three physicians.  Plaintiff also named six "Doe" defendants.  Plaintiff has not persuaded us that the facts of this case are such that Ms. Boyer knew or should have known that she was intended to be one of those "Doe" defendants.

Moreover, Defendants have appended to their brief discovery responses that they provided Plaintiff in this case notifying him that Ms. Boyer was among the medical staff that saw or treated him prior to his injuries.  (Doc. 45, Exs. A and C)  Defendants thus maintain that Plaintiff was made aware of Ms. Boyer's identity in March 2010, and well within the 120-day notice period.  In spite of having been given

discovery responses during this early time period, Plaintiff waited until September, 2011, to move for leave to amend the complaint.  Thus, we find Plaintiff's allegations that Ms. Boyer should have known that she would have been named as a defendant to be not only speculative and without a firm basis, but we find further that Plaintiff was unreasonably dilatory in seeking to amend the complaint in this case for more than one year after he was given notice that Ms. Boyer was among the medical team who treated Plaintiff prior to his injuries at SCI-Camp Hill.  Plaintiff has provided no response to Defendants' documented representations, and we find that Plaintiff has failed to demonstrate that amendment should be permitted pursuant to Rule 15(c)(1)(C)(ii).

## IV.    ORDER

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiff's motion for leave to amend the complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure (Doc. 43) is DENIED.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: November 1, 2011